UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREY LEE WOOLSEY,

                 Petitioner,

vs.                           Case No.   2:09-cv-491-FtM-29SPC
                                Case No.   2:07-cr-106-FtM-29SPC

UNITED STATES OF AMERICA,

                 Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Karey Lee Woolsey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #115)[1] filed on July 27, 2009.  The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on August 14, 2009 (Cv. Doc. #7).  Petitioner thereafter sought leave to withdraw the original § 2255 motion and file an amended motion raising additional issues.  (See Cv. Doc. #14.)  Petitioner filed a Motion to Amend and Supplement (Cv. Doc. #21), which the Court granted on December 30, 2009 (Cv. Doc. #23).  The operative pleading, therefore, is petitioner's Amended Claims § 2255 (Cv. Doc. #25).

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order.  The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

The United States filed a Response (Cv. Doc. #24) to the Amended Claims, to which petitioner filed a Reply (Cv. Doc. #28). For the reasons set forth below, the Amended Claims § 2255 motion is denied.

## I.

On September 12, 2007, a federal grand jury in Fort Myers, Florida, returned a sixteen-count Indictment (Cr. Doc. #3) against petitioner Karey Lee Woolsey (petitioner or Woolsey) and co-defendant Daniel Sweep (Sweep). Both Woolsey and Sweep were charged with conspiracy to possess with intent to distribute and distribution of 1,000 or more kilograms of marijuana (Count One) and possession with intent to distribute 100 kilograms or more of marijuana (Count Two). Additionally, Woolsey was charged with thirteen counts of money laundering (Counts Three through Fifteen) and one count of witness tampering (Count Sixteen). On September 20, 2007, petitioner waived his detention hearing and consented to detention, reserving the right to file a motion for release at a later time. (Cr. Docs. #27, 28.) In due course, the government and petitioner reached an agreement regarding posting property as bond (Cr. Doc. #35), and an Order Setting Conditions of Release (Cr. Doc. #42) was filed. Petitioner was released from custody effective October 12, 2007. (Cr. Docs. #43-45.)

A written Plea Agreement was filed on November 14, 2007, as to co-defendant Sweep, who entered a guilty plea to Count One on

December 10, 2007. (Cr. Docs. #50, 51, 53, 54, 55, 56.) On January 2, 2008, a written Plea Agreement (Cr. Doc. #61) was filed as to petitioner, and on the same date petitioner entered guilty pleas to Counts One, Three, and Sixteen before the assigned magistrate judge. The guilty pleas were accepted by the district court on January 7, 2008 (Cr. Doc. #65).

On April 8, 2008, petitioner's counsel filed an unopposed motion to continue the sentencing (Cr. Doc. #75) because petitioner was still working with the government to provide substantial assistance and anticipated a § 5K1.1 motion. The Court granted the motion (Cr. Doc. #76), continuing the sentencing until August 4, 2008. On July 24, 2008, petitioner's counsel filed a second motion to continue the sentencing (Cr. Doc. #83), which was denied by the Court (Cr. Doc. #84). On August 4, 2008, petitioner was sentenced to 151 months imprisonment, followed by 60 months supervised release (Cr. Doc. #93). Petitioner did not file a direct appeal.

Petitioner raises the following issues in his Amended § 2255 motion: (1) Ineffective assistance of counsel in connection with petitioner's decision to cooperate with the government and plead guilty pursuant to the Plea Agreement, which resulted in an unknowing and involuntary guilty plea; (2) ineffective assistance of counsel in connection with petitioner's waiver of post-conviction right to challenge his sentence; (3) ineffective assistance of counsel while petitioner was cooperating with the

government, resulting in the lack of a sentence reduction; (4) ineffective assistance of counsel at sentencing because petitioner's attorney failed to argue that: (a) the government breached the cooperation/Plea Agreement, (b) the drug quantity attributed to petitioner was incorrect, (c) there was no factual basis for the leadership role enhancement petitioner received, and (d) petitioner did not obstruct justice and therefore should not have received an enhancement for obstruction of justice; and (5) ineffective assistance of counsel by failing to move to suppress tape recordings which petitioner alleges were made in violation of 18 U.S.C. §§ 2511 and 2515.  Additionally, petitioner argues that the government acted in bad faith when it refused to file a motion for reduction of sentence pursuant to § 5K1.1 of the United States Sentencing Guidelines (USSG).

## II.

Before discussing the specific issues, the Court will set forth the applicable general principles.

## A.  Ineffective Assistance of Counsel Principles

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both (1) that his counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  This two-part standard is also applicable to ineffective-assistance-of-counsel claims

arising out of a guilty plea.  Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).  Generally, a court first determines whether counsel's performance fell below an objective standard of reasonableness, and then determines whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Padilla v. Kentucky, 130 S. Ct. 1473, 1482 (2010).  In the context of a guilty plea, the first prong of Strickland requires petitioner to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases, while the second prong requires petitioner to show a reasonable probability that, but for counsel's errors, he would have entered a different plea.  Hill, 474 U.S. at 56-59.  A court need not address both prongs of the Strickland test, however, if petitioner makes an insufficient showing as to either prong.  Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1100 (11th Cir. 2007); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"As to counsel's performance, 'the Federal Constitution imposes one general requirement:  that counsel make objectively reasonable choices.'"  Reed v. Sec'y, Fla. Dep't of Corr., 593 F.3d 1217, 1240 (11th Cir. 2010) (quoting Bobby v. Van Hook, 130 S. Ct. 13, 17 (2009)), cert. denied, 131 S. Ct. 177 (2010).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe

v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690).   This judicial scrutiny is highly deferential, and the court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.   To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action.   Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue.   Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).   "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"   Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

To show prejudice, petitioner is required to establish that counsel's errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable.   Strickland, 466 U.S. at 687; Van Hook, 130 S. Ct. at 16.   In the context of a guilty plea, petitioner can satisfy the "prejudice" requirement by showing "a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

## B. Guilty Plea Principles

"A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989)(internal quotations and citations omitted). For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently and with sufficient awareness of the relevant circumstances and likely consequences. United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill, 474 U.S. at 56; Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). After a criminal defendant has pleaded guilty, he may not raise claims relating to the alleged deprivation of constitutional rights occurring prior to the entry of the guilty plea, but may only raise jurisdictional issues, United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003), cert. denied, 540 U.S. 1149 (2004), attack the voluntary and knowing character of the guilty plea, Tollett v. Henderson, 411 U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992), or challenge the constitutional effectiveness of the

assistance he received from his attorney in deciding to plead guilty, United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 of the Federal Rules of Criminal Procedure explicitly directs the district judge not to accept a plea without determining these core concerns. See Fed. R. Crim. P. 11(b). Therefore, on review the Court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988), cert. denied, 490 U.S. 1099 (1989).

## C. Appeal Waiver Principles

It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008); Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To be enforceable, the government must demonstrate either that the district court specifically questioned the defendant concerning the sentence waiver provision during the guilty plea colloquy or that it is

clear from the record that defendant otherwise understood the full significance of the waiver.  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1351.  A valid waiver provision includes claims of ineffective assistance of counsel at sentencing.  Williams, 396 F.3d at 1342.

## III.

A district court shall hold an evidentiary hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotations omitted).  However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous."  Id. at 715.  See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008).

The Court finds that petitioner's material allegations are affirmatively contradicted by the record in this case.  The record conclusively establishes petitioner is not entitled to relief. Accordingly, no evidentiary hearing is warranted.

## A.  Ineffective Assistance of Counsel Claims

### (1) Decisions to Cooperate, Plead Guilty, and Waive Sentence Challenges

Petitioner first argues that his attorney provided ineffective assistance in connection with petitioner's decisions to cooperate with the government and plead guilty pursuant to the Plea Agreement.  As a result, petitioner argues the guilty pleas were unknowing and not voluntary, and the Plea Agreement, including the waiver of his right to challenge the sentence, is unenforceable.

**(a) Petitioner's Claims Not Barred by Guilty Pleas:**

As an initial matter, the Court agrees with petitioner that the guilty pleas do not preclude petitioner from challenging the assistance of his attorney relating to the decision to plead guilty and cooperate.  See Fairchild, 803 F.2d at 1123.  Additionally, even a valid sentence-appeal waiver provision does not waive ineffective assistance of counsel claims relating to the validity of petitioner's guilty plea or the validity of the appeal waiver provision.  Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007).  To the extent the government argues otherwise, the Court disagrees.  Therefore, these particular ineffective assistance of counsel claims are properly before the Court.

**(b) Petitioner's Factual Allegations:**

Petitioner alleges the following facts:  While petitioner was detained in jail, his attorney presented him with the Plea Agreement and stated petitioner would remain in jail until he was convicted and sentenced unless petitioner agreed to sign the Plea Agreement and cooperate with the government.  Counsel assured

petitioner the government would file a § 5K1.1 motion for a downward departure (Cv. Doc. #25, p. 3) and informed petitioner "that if he signed the cooperation agreement, pleaded guilty, waived his appellate and post-conviction rights, and cooperated in the investigation of others, he was guaranteed to have his sentence reduced pursuant to § 5K1.1 of the United States Sentencing Guidelines" (Cv. Doc. #25, p. 6).  In reliance upon this information from counsel, petitioner decided to waive his post-conviction rights to challenge the sentence and signed the Plea Agreement.

Counsel "gave no advice on how to cooperate" (Cv. Doc. #25, p. 3), but told petitioner that the Assistant United States Attorney (AUSA) and Drug Enforcement Administration (DEA) agents would be coming to the jail to interview petitioner, and that petitioner should not be alarmed by counsel's absence during the debriefing. Petitioner met with the AUSA and DEA agents, was debriefed, and was later released on bond.  While on bond, petitioner was debriefed at least twelve times, with his attorney being present on only two occasions.

Petitioner asserts that his counsel failed to tell him that the decision to seek a § 5K1.1 sentence reduction lies exclusively with the government, which must file a motion in order for the court to be able to grant such a reduction.  (Cv. Doc. #25, p. 7.) Petitioner concludes that "counsel was ineffective for advising

petitioner to sign an agreement in which counsel made a guarantee he could not carry out." (Id.)   Petitioner argues that this ineffective assistance in the negotiation of the cooperation/Plea Agreement rendered the waiver of collateral challenge to his sentence unknowing and unenforceable. (Id.)

**(c) Petitioner's Decisions to Cooperate and Plead Guilty:**

It is undisputed that a criminal defendant has the constitutional right to the effective assistance of counsel in deciding whether or not to plead guilty. Hill, 474 U.S. at 57-58. The record affirmatively establishes that petitioner's attorney provided effective assistance in this regard, and refutes petitioner's claims to the contrary.

The Plea Agreement (Cr. Doc. #61, p. 22) contains a typed date of October, 2007, and petitioner was indeed in jail for the first portion of that month. Petitioner was released from jail on October 12, 2007, and the Plea Agreement was not signed by petitioner until December 30, 2007, as the handwritten portion of the Plea Agreement date establishes. (Id.)   Therefore, the Plea Agreement was signed more than two months after petitioner was released from jail.

The written Plea Agreement specifically addresses substantial assistance and the filing of a § 5K1.1 motion.   Petitioner initialed the pages of the Plea Agreement that provide:

> Defendant agrees to cooperate fully with the United
> States in the investigation and prosecution of other
> persons, and to testify, subject to a prosecution for
> perjury or making a false statement, fully and truthfully

before any federal court proceeding or federal grand jury
in connection with the charges in this case and other
matters, such cooperation to further include a full and
complete disclosure of all relevant information,
including production of any and all books, papers,
documents, and other objects in defendant's possession or
control, and to be reasonably available for interviews
which the United States may require.  If the cooperation
is completed prior to sentencing, the government agrees
to consider whether such cooperation qualifies as
"substantial assistance" in accordance with the policy of
the United States Attorney for the Middle District of
Florida, warranting the filing of a motion at the time of
sentencing recommending (1) a downward departure from the
applicable guideline range pursuant to USSG §5K1.1, or
(2) the imposition of a sentence below a statutory
minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3)
both.  If the cooperation is completed subsequent to
sentencing, the government agrees to consider whether
such cooperation qualifies as "substantial assistance" in
accordance with the policy of the United States Attorney
for the Middle District of Florida, warranting the filing
of a motion for a reduction of sentence within one year
of the imposition of sentence pursuant to Fed. R. Crim.
P. 35(b).  **In any case, the defendant understands that
the determination as to whether "substantial assistance"
has been provided or what type of motion related thereto
will be filed, if any, rests solely with the United
States Attorney for the Middle District of Florida, and
the defendant agrees that defendant cannot and will not
challenge that determination, whether by appeal,
collateral attack, or otherwise.**

(Cr. Doc. #61, pp. 6-7)(emphasis added).  Thus, petitioner knew

months before his entry of the guilty pleas that the decision to

file such a motion would turn entirely upon the government's

determination of whether petitioner provided substantial

assistance, and petitioner agreed that he could not, and would not,

challenge that determination, whether by appeal, collateral attack,

or otherwise.  Petitioner acknowledged that he read these

provisions and discussed them with his attorney prior to signing the Plea Agreement.  (Cv. Doc. #7-1, pp. 7-8.)

The change of plea colloquy confirms both the voluntary and understanding nature of the guilty pleas generally, as well as petitioner's understanding that the § 5K1.1 motion was not guaranteed.  During the January 2, 2008, plea colloquy, petitioner told the magistrate judge that he wanted to change his plea to guilty.  (Id. at 2.)  Petitioner was placed under oath, advised he could confer freely with his attorney about any question posed by the Court, advised that it would be necessary for the court to determine the guilty plea was made freely and voluntarily, and advised about perjury.  (Id. at 3-4.)  Petitioner stated he was 31 years old (id. at 4), had two years of college, (id. at 5), had read and understood the Indictment and discussed it with his attorney (id. at 6-8), had had enough time to discuss all the charges and circumstances with his attorney (id.), and was satisfied with the services and advice given by his counsel (id.).  Petitioner stated that he had no complaints about what counsel had done or had not done in his case.  (Id.)  Petitioner acknowledged that he read and understood the Plea Agreement and that he discussed it with counsel before signing it; he then initialed each page and signed the last page.  (Id.)  Petitioner acknowledged that the Plea Agreement contained all the promises made by the government, and that there were no verbal promises or

representations made to petitioner which were not in the Plea Agreement. (Id. at 9.) Counsel for both petitioner and the government confirmed that there were no verbal promises or representations. (Id.)

The magistrate judge specifically discussed substantial assistance with petitioner. Petitioner stated that he had reviewed the issue of substantial assistance with his attorney (id.), and understood that the Court could not consider the issue of cooperation or substantial assistance unless the government filed a substantial assistance motion (id. at 9-10). Petitioner also stated he understood that the Court could not compel the government to file such a motion. (Id. at 10.) Petitioner further stated he understood that his attorney could not know exactly how the Sentencing Guidelines would apply to petitioner, and that petitioner would not be allowed to withdraw his guilty pleas if counsel's prediction was incorrect. (Id. at 13-14.)

The magistrate judge asked if there was anything else petitioner wanted to say, and after conferring with his attorney, petitioner stated "that about covers it." (Id. at 29-30.) After the completion of the guilty plea colloquy, the magistrate judge found that petitioner's guilty pleas were knowingly, voluntarily and intelligently made. (Id. at 30.) The magistrate judge also told petitioner he could raise objections to the Presentence Report

and address sentencing issues with the sentencing judge.  (Id. at 31.)

The Court strongly presumes that a defendant's statements at the guilty-plea colloquy were truthful, including his admission of guilt and his representation that he understood the consequences of his plea.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (citing United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986)).

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 74 (1977).

The guilty plea colloquy reflects that before he entered his pleas of guilty, petitioner was informed, and said he understood, that only the government could file a § 5K1.1 motion, there was no promise that the government would do so, the court could not compel the government to do so, and petitioner could not challenge the government's decision not to do so.  Petitioner never retracted any of his statements made during the guilty plea colloquy that he

understood these things, and never asserted that his attorney had informed him otherwise.  If his attorney had promised petitioner in October, 2007, that the government would file a § 5K1.1 motion, petitioner knew before his guilty plea was made and accepted that this was not correct.  Petitioner was functioning under the correct information at the time of his guilty pleas.

The sentencing hearing confirms that petitioner fully understood that the government had the option of deciding not to file a § 5K1.1 motion.  Defense counsel stated that the government would not be filing a § 5K1.1 motion because of a dispute as to whether petitioner was being fully candid with the government as to when he stopped distributing marijuana.  (Cr. Doc. #97, pp. 18-21.) The government's view was that petitioner had been minimizing, less than candid, and misleading.  (Id. at 26-27.)  Defense counsel argued for a variance because of petitioner's cooperation, despite the government's determination that the cooperation did not amount to substantial assistance.  After hearing the competing arguments of counsel, the Court asked petitioner if there was "anything else you'd care to say?"  (Id. at 30.)  Petitioner apologized for his conduct, but at no point asserted that his attorney had guaranteed him that a § 5K1.1 motion would be filed.  (Id.)

The record clearly establishes that petitioner's guilty pleas were knowing, voluntary, and intelligent, both generally and in regard to the § 5K1.1 motion.  The record conclusively establishes

-17-

that petitioner's attorney did not provide ineffective assistance of counsel with regard to petitioner's decisions to plead guilty and cooperate with the government.

**(d) Petitioner's Waiver of Sentence Appeal and Collateral Challenge:**

Petitioner also claims that the waiver of his right to appeal or collaterally challenge his sentence was unknowing and not voluntary because his attorney guaranteed that the government would file a § 5K1.1 motion at the time of sentencing.  For the reasons stated above, this contention is without merit.

There are, however, special rules governing the validity of a sentence-appeal waiver provision beyond those which establish the validity of a guilty plea generally.  As discussed above, a sentence-appeal waiver must itself be made knowingly and voluntarily, and the government must demonstrate either that the district court specifically questioned the defendant concerning the sentence waiver provision during the guilty plea colloquy or that it is clear from the record that defendant otherwise understood the full significance of the waiver.  The record establishes that this standard is satisfied in this case.

In this case, the Plea Agreement provided:  "The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground . . . ."  (Cr. Doc. #61, p. 16.)  At the change of plea

colloquy, the magistrate judge specifically questioned petitioner about this provision, and confirmed that petitioner understood this portion of the Plea Agreement.  (Cv. Doc. #7-1, pp. 14-15.)  The magistrate judge found the pleas were knowing, voluntary and intelligent, and not the result of threats or promises other than in the Plea Agreement.  (Id. at 30.)  The record conclusively refutes petitioner's claims and shows that petitioner knowingly and voluntarily waived his right to appeal or collaterally challenge his sentence.

**(e) Failure to Advise Petitioner How to Cooperate:**

Petitioner also argues that his attorney provided ineffective assistance by failing to advise petitioner how to best comply with the cooperation provision of the Plea Agreement.  Petitioner argues that this rendered his decisions to cooperate and plead guilty unknowing and involuntary.  The record conclusively refutes this claim.

The written Plea Agreement, which petitioner admits he read and discussed with his attorney, provided specific parameters for petitioner's cooperation.

> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case or other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or

control, and to be reasonably available for interviews which the United States may require.

(Cr. Doc. # 61, pp. 6-7.) Thus, petitioner was informed he must cooperate fully, testify truthfully, make full and complete disclosure of information and documents, and be reasonably available for interviews with the government. Petitioner discussed the Plea Agreement with his attorney. The record reflects that petitioner was adequately advised as to how to cooperate, and that his attorney did not provide ineffective assistance in this regard.

**(f) Failure to Attend Debriefing Interviews:**

Petitioner argues his attorney provided ineffective assistance by failing to attend debriefing interviews with the government. It seems debatable whether petitioner's argument regarding counsel's failure to attend debriefing interviews is one of the three permissible types of claims which survive a guilty plea. See supra p. 7. To the extent that petitioner's interviews are alleged to have pre-dated the entry of his guilty pleas, they may have impacted his decision to plead guilty. The Court will therefore consider the substance of petitioner's arguments.

Petitioner argues that his debriefings with the government were critical stages of the prosecution, and therefore presence of counsel was mandatory. The Sixth Amendment right to effective assistance of counsel applies at any critical stage of the prosecution. See, e.g., United States v. Wade, 388 U.S. 218, 224 (1967). The Court concludes, however, that the interviews with the

-20-

government agents in this case were not critical stages of the prosecution, and therefore counsel was not required to be present.

Petitioner relies on <u>United States v. Leonti</u>, 326 F.3d 1111 (9th Cir. 2003), but that case is distinguishable. Leonti was asked by the government if he was interested in cooperating with federal agents in their investigation of his criminal associates. Leonti said he wanted to speak with his lawyer, and subsequently retained a lawyer and informed the lawyer that he wished to cooperate. Leonti pleaded guilty, and began to confer with federal agents. Because Leonti's attorney took no steps to facilitate the cooperation, Leonti was never able to assist the agents meaningfully, and as a consequence, the government withdrew its recommendation and Leonti did not receive a downward departure. Leonti subsequently filed a § 2255 petition alleging ineffective assistance of counsel, which was denied without an evidentiary hearing. <u>Id.</u> at 1116. On appeal, the Ninth Circuit held that Leonti was entitled to an evidentiary hearing. The court reasoned that "substantial assistance has become the last, best hope of ... many defendants," and accordingly, "the guarantee of competent counsel must apply to the process of seeking such a recommendation." <u>Id.</u> at 1118. Assuming Leonti's allegations to be true, the court found that Leonti's counsel "never did <u>anything</u> to make it more likely that Leonti would in fact be able to provide substantial assistance." <u>Id.</u> at 1121 (emphasis in original).

Thus, the court found, Leonti's counsel "'was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment' during Leonti's period of cooperation." Id. at 1121-22 (quoting Strickland, 466 U.S. at 687).

Leonti does not stand for the proposition that every pre-sentence debriefing session pursuant to a plea agreement is a critical stage where the presence of counsel is required. "Leonti states that '[a] critical stage is a trial-like confrontation, in which potential substantial prejudice to the defendant's rights inheres and in which counsel may help avoid that prejudice.'" United States v. Noe, 411 F.3d 878, 890-91 (8th Cir. 2005) (quoting Leonti, 326 F.3d at 1117). Under this definition of "critical stage," the debriefing sessions that occurred in petitioner's case were not critical stages because they were not trial-like confrontations and petitioner had no right to a § 5K1.1 motion. Even if the Court accepted petitioner's characterization of the debriefing sessions as critical stages for Sixth Amendment purposes, petitioner has not satisfied either prong of the Strickland standard. Counsel's performance was not deficient, and petitioner has established no prejudice.

### (2) Failure to Seek Suppression of Tape Recording

Petitioner argues that his attorney was ineffective because he failed to move to suppress a certain incriminating tape recording made by grand jury witness Rachel Telfor. Petitioner asserts that

Ms. Telfor told him and he told counsel that she had been coerced into making the tape recording, which would therefore have been inadmissible at trial pursuant to 18 U.S.C. § 2510, *et seq.* Petitioner argues that if the tape recording would have been suppressed, he would never have pleaded guilty to Count Sixteen or entered into a plea agreement under which petitioner waived his right to collaterally challenge his sentence.

An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd, 864 F.2d at 109-10; Winfield, 960 F.2d at 974. It is not reasonably probable that counsel would have been successful in an effort to suppress the tape recording. Other than conclusory statements, there are no facts in the record which suggest that Ms. Telfor's consent was coerced or otherwise not voluntary. Additionally, the tape recording only related to Count Sixteen, for which a concurrent sentence was imposed. (Cr. Doc. #93, p. 2.) Even if petitioner had not been convicted of Count Sixteen, the underlying conduct, including the tape recording, would have been admissible at sentencing to support the obstruction of justice enhancement. See United States v. Lynch, 934 F.2d 1226, 1234-37 (11th Cir. 1991), cert. denied, 502 U.S. 1037 (1991).

### (3) Counsel's Failures During Sentencing Hearing

As noted above, "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes

the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams</u>, 396 F.3d at 1342. Therefore, the additional claims of ineffective assistance of counsel at the sentencing hearing are barred by the waiver provision of the Plea Agreement.

**B.  Government's Failure to File § 5K1.1 Motion**

Petitioner's final substantive claim is that the government acted in bad faith by failing to file a motion, at the time of sentencing, recommending a downward departure from the applicable guideline range pursuant to U.S.S.G. § 5K1.1.  This claim is barred by petitioner's knowing and voluntary waiver of his right to challenge his sentence collaterally.

Alternatively, this Court finds petitioner's final claim to be without merit.  Section 5K1.1 states, "**Upon motion of the government** stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1(emphasis added).  The Plea Agreement makes clear that whether or not a § 5K1.1 motion would be filed would turn entirely upon whether the government determined petitioner provided "substantial assistance." (Cr. Doc. #61, p. 6-7.)  The court is without power to grant a downward departure based on substantial assistance under U.S.S.G. § 5K1.1 unless the

-24-

government files such a motion. <u>See</u> <u>United States v. Willis</u>, 956
F.2d 248, 251 (11th Cir. 1992); <u>United States v. Chotas</u>, 968 F.2d
1193 (11th Cir. 1992); <u>United States v. Crawford</u>, 407 F.3d 1174
(11th Cir. 2005). Additionally, "the condition limiting the
court's authority gives the Government a power, not a duty, to file
a motion when a defendant has substantially assisted." <u>Wade v.
United States</u>, 504 U.S. 181, 185 (1992). Because of this broad
grant of prosecutorial discretion, a district court has the
authority to review a prosecutor's refusal to file a substantial
assistance motion only if it finds that the refusal was based on an
unconstitutional motive, such as a defendant's race or religion.
<u>Wade</u>, 504 U.S. at 185-86. A defendant's generalized allegations of
improper motive will be insufficient to entitle the defendant to a
remedy. <u>Id.</u> Furthermore, the defendant's showing of actual
assistance, although a necessary condition to relief, is
insufficient to provide relief absent a claim of unconstitutional
motive. <u>Id.</u> at 187. Here, petitioner did not allege an
unconstitutional motive for the government's refusal to file a
substantial assistance motion on his behalf. Thus, his substantive
argument that he was entitled to a reduction under § 5K1.1 fails.

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion to Vacate, Set Aside, or Correct
Sentence § 2255 (Cv. Doc. #1) is **DENIED** as moot.

2.   Petitioner's Amended Claims § 2255 (Cv. Doc. #25) is **DENIED** as to all claims for the reasons set forth above.

3.   The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of January, 2011.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
Karey Lee Woolsey